IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

JUN - 1 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

(1)   DAVID WEST,

Plaintiff,

*1029609721*

v.                                                    Case No.: _____ DAMAN CANTRELL

(2)   BAKER HUGHES, INC.

Defendant.

**CJ-2015-02054**

---

### PETITION

---

**COMES NOW**, David West, (hereinafter "West" or Plaintiff), and for his cause of action

against the above-named Defendant, would state as follows:

### STATEMENT OF THE CLAIM

1.     This is an action to vindicate violations of the Plaintiff's civil rights and to redress the

unlawful and discriminatory conduct and employment practices of the Defendant Baker Hughes

Incorporated ("Baker Hughes"). This action arises out of the illegal and wrongful discharge of

Plaintiff on or about July 31, 2014. Plaintiff alleges, inter alia, that he was terminated from his

employment based, in whole or in part, upon his race in violation of Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq., and the Oklahoma Anti-Discrimination Act

("OADA"), 25 O.S. 2011, §1301 through §1350.

2.     Beginning on or about February 18, 2014, Plaintiff, an African-American male was

employed at Baker Hughes. During his time at Baker Hughes, Plaintiff performed his duties in a

professional and efficient manner. While employed at Baker Hughes, Plaintiff was a shipping and

**Exhibit 1**

receiving clerk tasked with the responsibility of processing orders and shipping products to customers.

3.      Plaintiff alleges that Baker Hughes treated other similarly situated employees differently. Specifically, Plaintiff alleges that other white shipping and receiving clerks with the same job responsibilities made similar errors repeatedly and that were just as costly. Plaintiff alleges that the other white employees that were similarly situated did not receive the same discipline or face the same adverse employment actions as Plaintiff.

4.      As a result of the Defendant's unlawful and discriminatory conduct and employment practices and violations of Plaintiff's rights protected by federal law, Plaintiff was discharged from his employment on or about July 31, 2014. Plaintiff now seeks injunctive relief; monetary damages, including back pay, front pay, if applicable, compensatory and punitive damages; and attorney's fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq. and the OADA.

## PARTIES, JURISDICTION, VENUE

5.      Plaintiff, David West, an African-American, is an adult male individual and citizen of the United States who resides in Tulsa County, Oklahoma. At all relevant times, Plaintiff was an employee of Baker Hughes, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and OADA.

6.      Baker Hughes is a domestic for-profit corporation doing business in the State of Oklahoma.

7.      This is, in part, an action authorized and instituted pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq.; and to OADA

8.      Venue is proper in Tulsa County pursuant wherein Plaintiff resides and Defendant regularly conducts business and where all the wrongful conduct occurred.

2

Exhibit 1

## ADMINISTRATIVE PREREQUISITES

9.      Plaintiff has complied with all the administrative prerequisites to action under Section 706 of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

A.      Plaintiff timely filed a formal charge of discrimination with the Equal Employment

Opportunity Commission [hereinafter referred to as E.E.O.C. ];

B.      Plaintiff diligently and fully cooperated in the E.E.O.C.'s investigation of this matter;

C.      Plaintiff received his right to sue letter from the E.E.O.C. on or about March 5, 2015

and instituted this action within ninety (90) days of receipt.

## STATEMENT OF FACT

10.     At all relevant times, all matters regarding compensation, terms, conditions, rights and

privileges of Plaintiff's employment were governed and controlled by Baker Hughes.

11.     At all relevant times, Plaintiff fully, adequately and completely performed all of the

functions, duties and responsibilities of his employment with Baker Hughes.

12.     Plaintiff has a history of satisfactory job performance, satisfactory job reviews, and salary

increases.

13.     Baker Hughes hired Plaintiff on or about February 18, 2014.  While employed at Baker

Hughes, Plaintiff was a shipping and receiving clerk tasked with the responsibility of processing

orders and shipping products to customers.

14.     On or about July 31, 2014, Baker Hughes terminated Plaintiff for an alleged pattern of errors

and falsifying a company document.  Plaintiff, as well as others in the shipping and receiving

department, are charged with the responsibility of sending parts and merchandise to customers.

15.     On or around July 1, 2014, management for Baker Hughes communicated to the department

problems that were occurring and that employees would need to ensure that proper procedures were

3

Exhibit 1

followed to make sure orders were correct. Upon information and belief, this meeting was the result of a cumulative number of errors occurring from multiple employees and not just Plaintiff.

16.    On July 10, 2014, a record of conversation occurred to discuss Plaintiff's failure to provide a second set of initials for a part leaving Baker Hughes. Despite not getting the order wrong, Plaintiff was nevertheless disciplined.

17.    Baker Hughes terminated Plaintiff on July 31, 2014 for an alleged failure to follow company procedures and allegedly including another employee's signature on a company document. Upon information and belief, other Baker Hughes' employees working in the same department signed other employee's names and/or initials on company documents without receiving similar adverse employment actions.

18.    Upon information and belief, Baker Hughes treated Plaintiff differently than others making the same or similar errors that are not in a protected class. Upon information and belief, other Baker Hughes' employees working in the same department made repeated errors in shipping without receiving similar adverse employment actions.

19.    Plaintiff is an African-American male in a protected class of individuals as contemplated by Title VII of the Civil Rights Act of 1964, as amended.

20.    Plaintiff suffered an adverse employment action by Baker Hughes through his termination.

21.    Plaintiff was qualified to perform the essential functions of his job and was performing his job as well or better than those similarly situated that were not in a protected class.

22.    Upon information and belief, Baker Hughes treats other similarly situated employees differently by not terminating and disciplining those employees in the same manner as Plaintiff.

23.    Upon information and belief, Baker Hughes singled-out Plaintiff and treated him differently than other similarly-situated employees based upon his race.

4

Exhibit 1

24.     The conduct and actions of Baker Hughes as detailed above violate the provisions of Title VII and the OADA, and Baker Hughes is liable to Plaintiff for all damages that follow.

**WHEREFORE**, all premises considered, Plaintiff David West respectfully requests the following relief against Defendant Baker Hughes:

A.     A declaration that Baker Hughes violated the rights of Plaintiff pursuant to the Title VII and the OADA as amended;

B.     An award of nominal, compensatory and punitive damages;

C.     An award of front and back pay;

D.     An award of attorney fees;

E.     Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

BRYAN & TERRILL

J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
Bryan & Terrill Law, PLLC
9 East 4th Street, Suite 307
Tulsa, OK 74103
Tele:   (918) 935-2777
Fax:    (918) 935-2778
sjterrill@bryanterrill.com
*Attorneys for David West*

**ATTORNEY'S LIEN CLAIMED**

5

Exhibit 1